```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )    Chapter 7
TERRY DARNELL DUNN, JR.         )
TOYA T. DUNN,                   )
                                )    Bankruptcy No. 04-01699
     Debtors.                   )
------------------------------  )
TOYA T. DUNN                    )
                                )    Adversary No. 04-9129
     Plaintiff,                 )
                                )
vs.                             )
                                )
UNITED STATES OF AMERICA,       )
AND DEFENSE FINANCE AND         )
ACCOUNTING SERVICE,             )
                                )
     Defendant.                 )
```

### ORDER RE: GOVERNMENT'S MOTION TO DISMISS

This matter came before the undersigned on May 10, 2005 pursuant to assignment. Plaintiff/Debtor Toya Dunn was represented by Brian Peters. Defendants United States of America and Defense Finance and Accounting Service (the "Government") were represented by Martin McLaughlin and Kirk Albertson. After hearing the arguments of the parties, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### STATEMENT OF THE CASE

Debtor filed a complaint under § 523(a)(8), arguing that a debt owed to the Government is either not a student loan within that section or should be discharged as repayment would impose an undue hardship on her and her family. The Government filed a Motion to Dismiss. It argues the complaint should be dismissed for failure to exhaust administrative remedies. The Government also argues discharge is prohibited under 10 U.S.C. § 2005(d).

**FINDINGS OF FACT**

Debtor seeks to discharge a $30,577.50 obligation owed to the Government. Upon entering the ROTC program in 1998, Debtor executed a Scholarship Credit Contract which provided her with $16,000 per year towards her college education in exchange for her participation in ROTC and, if offered at the conclusion of her training, an Army commission. In February of 2001, Debtor allegedly suffered a back injury while performing a ROTC training exercise. She asserts that this injury caused her to miss classes, ultimately leading to her disenrollment from the ROTC program for failing to maintain the minimum 2.0 grade point average.

On August 9, 2001, Debtor requested that an officer be appointed to review her disenrollment. On March 13, 2002, the investigating officer recommended that Debtor be disenrolled for failing to maintain the minimum GPA and that she be required to pay back her scholarship. Debtor submitted a rebuttal averring that her poor performance had resulted from her training injury. Debtor was discharged from ROTC on April 22, 2002. Subsequently, on May 15, 2002, Debtor signed an Addendum to her ROTC scholarship contract agreeing to repay the total amount of $30,577.50 plus interest.

**CONCLUSIONS OF LAW**

The Government supplemented its Motion to Dismiss with the argument that 10 U.S.C. § 2005(d) absolutely prohibits Debtor's obligation from being discharged in bankruptcy "within a period of five years after the last day of a period which [Debtor] had agreed to serve on active duty." At the hearing, the parties agreed that this five-year period has not yet expired for Debtor.

This statute was recently considered in <u>Udell v. United States</u>, 2005 WL 806704, *2 (E.D. Pa. 2005). The court found that 10 U.S.C. § 2005(d) absolutely prohibits the discharge of the debt in question during the first five years. <u>Id.</u> at *3. Thereafter, § 523(a)(8) is applicable and prohibits a discharge unless an undue hardship exists. <u>Id.</u>

**ANALYSIS**

The first page of Debtor's Contract with the Army cites as authority 10 U.S.C. § 2005, among other statutes. Subsection (d) of § 2005 prohibits obligations such as

2

Debtor's from being discharged in bankruptcy during a certain period of time ending five years after the end of the time Debtor had agreed to serve on active duty. The parties have agreed that this five-year period has not yet expired for Debtor. Therefore, the Court must conclude that Debtor's complaint to determine dischargeability of Debtor's obligation to the Government cannot be granted.

**WHEREFORE**, the Government's Motion to Dismiss is GRANTED.

**FURTHER**, Debtor's obligation to the Government is not currently dischargeable pursuant to 10 U.S.C. § 2005(d).

DATED AND ENTERED: May 31, 2005

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE